

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHIN M. WANG<br>aka SUMMER WANG (1), and<br>GERSON RENE PULIDO PAEZ (2),<br><br>Defendants. | Case No.: '23 MJ01651<br><br>COMPLAINT FOR VIOLATION OF<br><br>18 U.S.C. §371 – Conspiracy; 18 U.S.C. § 545 -Sale of Good Imported Contrary to Law; 16 U.S.C. §3372(a)(2)(A) and §3373(d)(1)(B) – Illegal Trafficking in Wildlife; 16 U.S.C. §1538(a)(1)(F) and §1540(b) – Sale of Endangered Species; 18 U.S.C. §2 – Aiding and Abetting; 18 U.S.C. §981 and §982 – Criminal Forfeiture |

The undersigned complainant being duly sworn states:

## Count 1

Beginning at a date unknown but at least as early as September 19, 2021, and continuing up to and including at least on or about September 28, 2021, within the Southern District of California and elsewhere, defendants CHIN M. WANG, aka SUMMER WANG and GERSON RENE PULIDO PAEZ, knowingly and willfully conspired together and with others known and unknown to the grand jury to commit offenses against the laws of the United States, to wit:

   a. to receive, sell and facilitate the transportation of merchandise, that is, *Totoaba macdonldi*, knowing that the merchandise had been imported contrary to law, in that the merchandise was imported into the United States without the import permits and certificates of origin required under the Convention on International Trade in Endangered Species and without U.S. Fish and Wildlife

permits to import endangered species, in violation of Title 18, United States Code, Section 545;

  b. to knowingly sell an endangered species, to wit, *Totoaba macdonaldi*, in interstate or foreign commerce, in violation of Title 16, United States Code, Sections 1538(a)(1)(F) and 1540(b);

### Overt Acts

In furtherance of the conspiracy, the following overt acts were committed within the Southern District of California and elsewhere:

  a. On or about September 26, 2021, defendant GERSON RENE PULIDO PAEZ sent a message providing prices for the sale of various sizes of swim bladders for *Totoaba macdonaldi*.

  b. On or about September 28, 2021, in Chula Vista, defendant CHIN M. WANG, aka SUMMER WANG sold 23 swim bladders of the *Toatoaba macdonaldi* fish that had been illegally imported into the United States from Mexico for the sum of $247,000.

All in violation of Title 18, United States Code, Section 371.

### Count 2

On or about September 28, 2021, in the Southern District of California, defendants CHIN M. WANG, aka SUMMER WANG and GERSON RENE PULIDO PAEZ, did knowingly receive, sell and facilitate the transportation of merchandise after importation, to wit, 23 swim bladders of the *Totoaba macdonaldi*, knowing that said merchandise had been imported contrary to law, that is, in violation of regulations requiring that the importation of any species protected by Appendix I of CITES be accompanied by an import permit and either export permit or re-export certificate, pursuant to Sections 1538(c) and 1540(b)(1) and 50 C.F.R. §23.20, and pursuant to a permit from U.S. Fish and Wildlife to import an

endangered species issued under 50 C.F.R. §17.22; all in violation of Title 18, United States Code, Sections 545 and 2.

### Count 3

On or about September 28, 2021, in the Southern District of California, defendants CHIN M. WANG, aka SUMMER WANG and GERSON RENE PULIDO PAEZ, did knowingly engage in conduct involving the sale and offer for sale of fish and wildlife with a market value in excess of $350, that is 23 swim bladders of the *Totoaba macdonaldi* fish, and knowingly transport and sell in interstate and foreign commerce said fish and wildlife, knowing that the fish and wildlife were taken, possessed, transported or sold in violation of and in a manner unlawful under the laws of Mexico, to wit: Federal Penal Code of Mexico, Section 420, subsection IV; the General Wildlife law of Mexico, Section 65; and Section 25 of the Fisheries Law Regulations of Mexico; all in violation of Title 16, United States Code, Sections 3372(a)(2)(A) and 3373(d)(1)(B) and Title 18, United States Code, Section 2.

### Count 4

On or about September 28, 2021, in the Southern District of California, defendants CHIN M. WANG, aka SUMMER WANG and GERSON RENE PULIDO PAEZ, did knowingly sell an endangered species, to wit, 23 swim bladders of *Totoaba macdonaldi*, in interstate or foreign commerce, in violation of Title 16, United States Code, Sections 1538(a)(1)(F) and 1540(b), and Title 18, United States Code, Section 2.

### Criminal Forfeiture

Upon conviction of one and more of the charges alleged in Counts 1 and 2 of the Indictment, defendants CHIN M. WANG, aka SUMMER WANG and GERSON RENE PULIDO PAEZ shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(B), all property, real or personal,

1 | which constitutes and is derived from proceeds obtained, directly or indirectly, as
2 | the result of the violations of Section 545 of Title 18 of the United States Code. The
3 | property to be forfeited includes, but is not limited to, cash in the sum of $247,000.

If any of the above-described forfeitable property, as a results of any act or omission of defendants CHIN M. WANG, aka SUMMER WANG and GERSON RENE PULIDO PAEZ:

    a. Cannot be located upon the exercise of due diligence;
    b. Has been transferred or sold to, or deposited with, a third party;
    c. Has been placed beyond the jurisdiction of the Court;
    d. Has been substantially diminished in value; or
    e. Has been comingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), and Title 28, United States Code, Section 2461(c) to seek forfeiture of any other property of the defendants up to the amounts alleged above as being subject to forfeiture.

//
//
//
//
//
//
//
//
//
//
//

All in violation of pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(B), and 982(b), and Title 28, United States Code, section 2461(c).

The complainant states that this complaint is based on the attached Statement of Facts incorporated herein by reference.

_____
Eduardo Nieves, Special Agent
U.S. Fish and Wildlife Service

Sworn and attested to under oath by telephone, in accordance with Federal Rule of Criminal Procedure 4.1 on May 8, 2023.

_____
HON. BERNARD G. SKOMAL
U.S. MAGISTRATE JUDGE

United States of America
 v.
CHIN M. WANG
aka SUMMER WANG and
GERSON RENE PULIDO PAEZ

PROBABLE CAUSE STATEMENT

I, Special Agent Eduardo Nieves, declare under penalty of perjury, the following is true and correct:

A Confidential Informant (CI) working with the U.S. Fish and Wildlife Service began communicating with a seafood distributor in Mexico known to him as "Rene Pepino,[1]" later identified as defendant Gerson Rene Pulido Paez. Defendant Pulido Paez contacted the CI and offered to broker the sale of *Totoaba macdonaldi* swim bladders from defendant Summer Wang, for a commission. On September 19, 2021, defendant Pulido Paez began a group chat with the CI and defendant Wang to facilitate the transaction.

In a chat entitled "Fish Maw[2]," on September 19, 2021, Wang told the CI that she had already sold 280 *Totoaba* swim bladders and only had 120 bladders left, which she offered to sell to the CI. Defendant Wang sent the CI photos of wildlife that she was offering for sale, including *Totoaba* and protected sea cucumbers, along with prices.

On September 23, 2021, defendant Pulido Paez sent a message to the CI with a price list in Spanish for the *Totoaba* swim bladders. The text offered 70 small bladders for $9200 each (150-200 grams), 30 medium bladders (200-300 grams) for $11,000 each, and 20 large bladders (300-400 grams) for $12,500 each, for a total of $1,224,000 for all 120 bladders.

---

[1] "Pepino" is the Spanish word for "cucumber."
[2] "Fish maw" is a term the Chinese use refer to swim bladders of fish.

On September 26, 2021, in San Diego, in a recorded conversation, defendant Wang and Pulido Paez met with the CI and discussed potential transactions. An agreement was reached for the purchase of $250,000 worth of *Totoaba* swim bladders. Wang said that the following day (Sept 27th), she would prepare the *Totoaba* bladders for sale, and they could conduct the transaction the day after that (Sept 28th).

On September 28, 2021, in Chula Vista, defendant Wang delivered 23 *Totoaba* swim bladders of assorted sizes to the CI in exchange for $247,000, using the same price scale provided earlier by defendant Pulido Paez. The transaction, which occurred in a white van, was recorded with video and audio.

While in the van, Wang said she had a total of $2 million worth of *Totoaba* bladders but she had brought only about $250,000 worth, in various sizes. Wang noted that many people could not obtain *Totoaba* bladders, that only she could. When asked to open a window or turn on the air conditioning, Wang said no, that it was not safe. As the transaction concluded, Wang told the CI to leave the van from the front door, and to look around to make sure nothing was suspicious before exiting with the bladders. The swim bladders were morphologically identified as *Totoaba macdonaldi* and were sent to the Fish and Wildlife Service laboratory for confirmation by DNA testing.

The Convention on International Trade in Endangered Species of Wild Fauna and Flora (CITES) is an international agreement signed by 183 nations and implemented in 1975, which restricts the international trade and transportation of endangered species. Both Mexico and the United States are signatories to CITES. In the United States, trade in CITES species is regulated pursuant to the Endangered Species Act, 16 U.S.C. §§ 1538 and 1540, and its implementing regulations.

*Totoaba macdonaldi* is a fish found only in the Sea of Cortez in Mexico. The swim bladders of this fish are highly prized in Asia for use in soups for their supposed medicinal properties, where a single swim bladder has sold for as much as $150,000.

Since 1979, *Totoaba macdonaldi* had been protected as endangered under the laws of Mexico, Appendix I of CITES, and the U.S. Endangered Species Act, pursuant to 16 U.S.C. §1533 and 50 C.F.R. §17.11. The Endangered Species Act prohibits the importation, transportation and sale of an endangered species, or any part of such species, alive or dead, in interstate or foreign commerce without a permit issued by the U.S. Fish and Wildlife Service (FWS), which may be issued only for scientific purposes or to enhance the survival of the species. 16 U.S.C. §§1538(a)(1), 1539(a) and 1540(b); 50 C.F.R. §§17.21 and 17.22. The defendants did not possess a FWS permit to import, transport or sell *Totoaba macdonaldi*.

Federal regulations required that any specimen listed on an Appendix to CITES must be accompanied upon importation into the United States by specific CITES documentation. 50 C.F.R. §§ 23.20. The required documentation included an import permit (50 C.F.R. §23.35), an export permit (50 C.F.R. §23.36), a re-export certificate (50 CFR §23.37) for species (like *Totoaba*) listed on Appendix I. The defendants did not possess any CITES documentation relating to *Totoaba macdonaldi*. In fact, FWS records indicate that since 2000 there has been only one legal importation of *Totoaba*, which occurred in 2013. At that time, a CITES permit was issued to the U.S. Fish and Wildlife Forensics Laboratory to bring 12 dried samples of *Totoaba* into the United States for scientific purposes.

Defendant Wang, doing business as New East West Trading Inc., has a current import/export license issued by the U.S. Fish and Wildlife Service in April 2023, which expires in March of 2024. The Fish and Wildlife Service has no record of any importations made under this license, for species from Mexico.

The Federal Penal Code of Mexico, Section 420, subsection IV, prohibits the carrying out of activities for the purpose of trafficking or possessing: specimens, the products, or byproducts of a species of flora or fauna, whether land or banned aquatic wildlife, that are considered endemic, threatened, or in danger, subject to special protection or regulated by any international treaty signed by Mexico, such as CITES.

The General Wildlife law of Mexico, Section 65, provides that any party wishing to export a specimen or parts of a specimen of a species covered by CITES must request a CITES permit from PROFEPA, providing information about the specimen, its destination and the reason for the movement. This CITES permit must be submitted to Mexican authorities at the time of export (and U.S. authorities at the time of importation).

Section 25 of the Fisheries Law Regulations of Mexico provides that species whose capture is prohibited cannot be fished, with the exception of amounts authorized for aquaculture production supply and to support science and research dedicated to increasing fish numbers. Fishing for *Totoaba macdonaldi* in Mexico has been prohibited since 1975.