AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| CHIN M. WANG (1) aka Summer Wang | Case Number: 3:23-CR-00930-RSH |

Eliot Franklin Krieger
Defendant's Attorney

**USM Number** 09008-506

☐ -

**THE DEFENDANT:**

☒ pleaded guilty to count(s)   1 of the Indictment

☐ was found guilty on count(s) _____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title and Section / Nature of Offense** | **Count** |
|---|---|
| 18:371; 18:981(A)(1)(C),982(A)(2)(B); 28:2461(C) - Conspiracy; Criminal Forfeiture | 1 |

The defendant is sentenced as provided in pages 2 through   5   of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)   Remaining counts   are   dismissed on the motion of the United States.

☒ Assessment : $100.00 imposed

☐ JVTA Assessment*: $ -

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒ No fine    ☒ Forfeiture pursuant to order filed   11/7/2024  , included herein.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

November 15, 2024
Date of Imposition of Sentence

*[signature]*

HON. ROBERT S. HUIE
UNITED STATES DISTRICT JUDGE

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | Chin M. Wang (1) | Judgment - Page **2** of 5 |
| CASE NUMBER: | 3:23-CR-00930-RSH | |

## PROBATION

The defendant is hereby sentenced to probation for a term of:
3 years

## MANDATORY CONDITIONS

1. The defendant must not commit another federal, state or local crime.
2. The defendant must not unlawfully possess a controlled substance.
3. The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)
4. ☐ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5. ☒ The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6. ☐ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7. ☐ The defendant must participate in an approved program for domestic violence. (check if applicable)
8. The defendant must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9. If this judgment imposes a fine, the defendant must pay in accordance with the Fine sheet of this judgment.
10. The defendant must notify the court of any material change in their economic circumstances that might affect their ability to pay restitution, fines, or special assessments.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | Chin M. Wang (1) | Judgment - Page **3** of 5 |
| CASE NUMBER: | 3:23-CR-00930-RSH | |

## STANDARD CONDITIONS OF PROBATION

As part of the defendant's probation, the defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1. The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

3. The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant must answer truthfully the questions asked by their probation officer.

5. The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

7. The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | Chin M. Wang (1) | Judgment - Page **4** of 5 |
| CASE NUMBER: | 3:23-CR-00930-RSH | |

## SPECIAL CONDITIONS OF PROBATION

1. Not engage in the employment or profession of selling, importing or exporting seafood.

2. Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

3. Submit your person, property, house, residence, vehicle, papers, [computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The offender must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the offender has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

4. Provide complete disclosure of personal and business financial records to the probation officer as requested.

5. The Court does not oppose the Defendant traveling to Taiwan for 2 weeks in December 2024.

//

DEFENDANT: Chin M. Wang (1)  
CASE NUMBER: 3:23-CR-00930-RSH

Judgment - Page 5 of 5

## RESTITUTION

Pay restitution in the amount of $261,625 to the United States government through the Clerk, U. S. District Court. Payment of restitution shall be forthwith.

The defendant shall pay the restitution during her probation at the rate of $500 per month.
This payment schedule does not prevent or foreclose the United States Government from exercising all legal actions, remedies, and process available to it to collect the restitution judgment.

The clerk is to make payment of restitution to:

Procuraduría Federal de Protección al Ambiente (PROFEPA)  
Felix Cuevas Avenue, #6, Tlacoquemécatl del Valle Neighborhood, Benito Juárez Municipality 03200  
Mexico City, Mexico

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 23-CR-930-RSH |
|---|---|
| Plaintiff, | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| v. | |
| CHIN M. WANG, aka SUMMER, WANG (1), | |
| Defendant. | |

WHEREAS, in the Indictment, the United States sought forfeiture of all right, title and interest in property of Defendant CHIN M. WANG ("Defendant"), pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(B), and Title 28, United States Code, Section 2461(c), as all property, real or personal, which constitutes or is derived from proceeds obtained, directly and indirectly, as a result of the offense, in violation of Title 18, United States Code Section 545 as charged in Counts 1 and 2 of the Indictment; and

WHEREAS, on or about September 18, 2023, Defendant pled guilty before this Court to Count 1 of the Indictment which alleged violations of Title 18, United States Code Sections 371, 545, and 1538(a), which guilty plea included consent to the forfeiture allegations of the Indictment and agreed pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(B), and Title 28, United States Code, Section 2461(c) and to forfeiture of all property constituting or derived from proceeds of the

offenses set forth in Count 1, consented to the forfeiture of all property seized in connection with the case, and consented to the entry of a forfeiture money judgment in the amount of $247,000.00 representing the amount of proceeds Defendant received from the offenses set forth in Count 1, which forfeiture shall be included and incorporated as part of the judgment in this case; and

    a. Twenty-three (23) Totoaba Macdonaldi swim bladders; and

WHEREAS, on October 4, 2023, this Court accepted the guilty plea of Defendant; and

WHEREAS, by virtue of the admissions of Defendant set out in the plea agreement, the financial addendum, and guilty plea, the Court hereby determines that $247,000.00 represents proceeds traceable to the offense set forth in Count 1; and

WHEREAS, by virtue of said guilty plea and the Court's findings, the United States is now entitled to an Order of Forfeiture in its favor against the Defendant in the amount of $247,000.00, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(B), and Title 28, United States Code, Section 2461(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, by virtue of said guilty plea, the United States in now entitled to possession of the above-referenced specific properties, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(B), and Title 28, United States Code, Section 2461(c); and

WHEREAS, by virtue of the facts set forth in the plea agreement and financial addendum, the Court finds that the United States has established the requisite nexus between the $247,000.00 U.S. dollars forfeiture money judgment, the specific properties, and the offense of conviction; and

WHEREAS, the Defendant has agreed to pay directly to the United States the $247,000.00 in U.S. dollars and further agrees that the provisions for the substitution of assets as provided in 21 U.S.C. § 853(p) exist and that the United States may take actions to collect the forfeiture; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced specific properties which are hereby found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through her attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based on the guilty plea to Count 1 of the Indictment, Defendant CHIN M. WANG shall forfeit to the United States the sum of $247,000.00 in the form of a personal forfeiture money judgment against her pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(B), and Title 28, United States Code, Section 2461(c), representing the proceeds she received from her involvement in the offense set forth in Count 1. Defendant is directed forthwith to remit to the United States $247,000.00 to pay the forfeiture money judgment towards the Lacey Act Reward Account. The forfeiture money judgment is in favor of the United States against Defendant CHIN M. WANG in the amount of $247,000.00, with interest to accrue thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961, from the date of sentencing. Payments must be made by certified check, cashier's check, or money order payable to "U.S. Fish and Wildlife Service" and the check or money order should include the notation, "Lacey Act Reward Account." Payments should be sent to the following address:

U.S. Fish and Wildlife Service

Cost Accounting Section

P.O. Box 272065

Denver, CO 80227-9060

2. Pursuant to Rule 32.2(b)(3) the United States may, at any time, conduct discovery to identify, locate, or dispose of directly forfeitable assets and substitute assets against which this Order of Forfeiture may be enforced.

3. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $247,000.00 to satisfy the forfeiture money judgment in whole or in part.

4. The United States may take any and all actions available to it to collect and enforce the forfeiture money judgment.

5. Based upon the guilty plea of the Defendant, the United States is hereby authorized to take custody and control of the following specific properties, and all right, title, and interest of Defendant CHIN M. WANG, in the specific property are hereby forfeited to the United States pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(B), and Title 28, United States Code, Section 2461(c) for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

    a. Twenty-Three (23) Totoaba Macdonaldi swim bladders.

6. The aforementioned forfeited asset is to be held by the Homeland Security Investigations and/or U.S. Fish and Wildlife Service in its secure custody and control.

7. This Court shall retain jurisdiction in the case for the purpose of enforcing the order of forfeiture and collecting and enforcing the forfeiture money judgment.

8. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

9. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the

Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the specific property in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited specific property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

10. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

11. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the specific properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

12. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to Title 21 U.S.C. § 853(n) as to the aforementioned asset, in which all interests will be addressed.

//
//
//
//
//
//
//
//

- 5 -                                                          23-CR-930-RSH

13. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment and to be paid toward the Lacey Act Reward Account.

DATED: 11/07/24

*Robert S. Huie*

Honorable Robert S. Huie
United States District Judge